**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **REGINALD LAMAR EMORY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-cv-223 (MTT)** |
| **MACON-BIBB COUNTY, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

The Defendants move for summary judgment. For the following reasons, that motion (Doc. 12) is **GRANTED**.

## I. PROCEDURAL HISTORY

Emory alleges that on May 7, 2013, Defendant Deputy Jones arrested him with excessive force, resulting in pain and suffering and the loss of his teeth. Doc. 1 ¶ 13. He alleges no further details of that incident. He claims he was imprisoned unlawfully from May 7, 2013, to June 6, 2017, although he alleges no further details of the charges against him, the relevant state judicial proceedings, or his place of confinement. He conclusorily alleges that the Defendants' actions constituted illegal arrest, illegal detention, malicious prosecution, assault and battery, intentional infliction of emotional distress, and violated of the Fourth and Fourteenth Amendments. Doc. 1 ¶¶ 1, 4, 13. He brings three claims: "Violation of Constitutional Rights (Claim for Compensatory Damages)", "Violation of Constitutional Rights (Claim for Exemplary Damages)", and "Violation of Statutory Civil Rights (Claim for Compensatory Damages)." He also lists

as Defendants Deputy Jones, whose (unspecified) conduct is the basis of the claims; Sheriff Davis, whom he generically alleges was liable as a supervisor; and Macon-Bibb County, which he claims was responsible for the actions of the Sheriff's Office. *Id*. ¶¶ 6-8, 10.

The complaint is a true "shotgun" pleading. According to the Eleventh Circuit,

> The purpose of [Rules 8 and 10 of the Federal Rules of Civil Procedure] is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not. "Shotgun" pleadings, calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked, are flatly forbidden by the [spirit], if not the [letter], of these rules.
>
> . . . The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320-23 (11th Cir. 2015). That said, the label "shotgun" pleading often carries the same infirmities that afflict a shotgun pleading; the label can scatter its shot with as much confusion and nonspecificity as the object to which it is affixed. Further, before affixing the label, some consideration should be given to lawyers struggling with the often conflicting goals of succinctness (the Federal Rules of Civil Procedure) and specificity and exactitude (*Iqbal/Twombly*). Finally, in this Court's experience, both as a lawyer and a judge, a shotgun pleading is never drafted with the idea to confuse anyone. It's hard to see an upside to that strategy. Mostly, a true shotgun pleading results from inept investigation, sloppy drafting, or both. But all of that said, the complaint here is a stellar example of a shotgun pleading.

The Defendants moved for an extension of time to file their motion for summary judgment because "counsel for Plaintiff previously indicated his intention to file a voluntary dismissal of the claims in this case during a telephone conference with the undersigned counsel for Defendants in January 2020; he reiterated that the case would be voluntarily dismissed in an e-mail exchange with the undersigned on February 6, 2020." Doc. 9 at 2-3. The Court granted the motion for an extension, and Emory's counsel did not file a voluntary dismissal. The Defendants moved for summary judgment on March 21, 2020, and filed an amended motion on April 7, 2020. Emory did not file a response, apparently having chosen the middle course of neither dropping his claims nor prosecuting them. Even now, the only document filed by Emory in this lawsuit is his shotgun complaint.

## II. SUMMARY JUDGMENT STANDARD

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A material fact is any fact relevant or necessary to the outcome of the suit. *Id.* at 248. And a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Id.* (citation omitted). Accordingly, "the mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could

reasonably find for the non-moving party." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001) (citation and punctuation marks omitted).

The party moving for summary judgment bears the burden to show that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may make this showing by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that the non-movant cannot produce admissible evidence to support the issue of material fact. Fed. R. Civ. P. 56(c)(1). If the movant meets this burden, the non-moving party must produce evidence showing that an issue of material fact does exist. *Celotex Corp.*, 477 U.S. at 324. To do so, the non-moving party must "go beyond the pleadings" and identify "specific facts showing a genuine issue for trial." *Id.*; *see also* Fed. R. Civ. P. 56(e)(2)-(3). However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255 (citation omitted).

Pursuant to Local Rule 56, those material facts asserted by the Defendants which Emory has not specifically controverted by specific citation to particular parts of materials in the record are deemed to be admitted. M.D. Ga. L.R. 56 ("All material facts contained in the movant's statement [of material facts] which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."). However, as required, the Court has still "review[ed] the movant's citations to the record to determine

if there is, indeed, no genuine issue of material fact." *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (citation and quotation marks omitted).

## III. FACTS[1]

On May 7, 2013, Defendant Deputy Jones, an officer with the Bibb County Sheriff's Office ("BCSO") was notified that a task force of the United States Marshals Service requested assistance after executing an arrest warrant. Doc. 12-11 ¶ 5. When he arrived at the location of the arrest, the task force officers informed him that an unidentified male (who was later identified as Emory) had fled the residence when the officers arrived, that the officers had pursued, and that Emory had thrown a package on the ground as he fled. *Id*. Officers of the task force apprehended him, and Jones recovered the package, which contained marijuana and crack cocaine. *Id*. ¶ 6. Jones learned that Emory was the subject of an existing arrest warrant from Houston County and told the task force officers to transport him to Houston County. *Id*. Jones was not personally involved in the pursuit or arrest of Emory. Doc. 12-11 ¶ 8. The same day, in the custody of the Houston County Sheriff's Office, Emory was taken to a local hospital, complaining of injuries related to his arrest, and was diagnosed with fractured ribs. Doc. 12-15 ¶ 5. Jones obtained an arrest warrant for Emory in Macon-Bibb, and Emory was taken into custody of the BCSO following his release from Houston County on June 20, 2013. *Id*.

On August 17, 2016, Emory was charged with two drug offenses and obstruction of an officer under accusation number 16-CR-74126. Doc. 12-15 ¶ 7. On February 28,

[1] These facts are drawn primarily from the Defendants' Statement of Material Facts, which Emory failed to contest, but only insofar as the Defendants' facts are adequately supported by specific citations to the record. *See* Fed. R. Civ. P. 56(e)(2) and (3); *see also* M.D. Ga. Local Rule 56.

2017, an Assistant District Attorney filed a motion to "nolle pross" because the same charges were being "reaccused" under a new case number. *Id*. ¶ 8. Those charges were later nolle prossed on June 2, 2017, for the stated reason of "interests of justice."[2] Doc. 12-8.

## IV. DISCUSSION

Because Emory failed to respond to the motion for summary judgment, the Court finds his claims are abandoned. *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). Nonetheless, in an abundance of caution, the Court addresses, to the fullest extent possible given Emory's shotgun complaint and failure to respond, the merits of his "claims."

The Defendants first argue that any claims based on the May 2013 arrest are time-barred. The Court agrees. Generally, the forum state's limitation period applicable to personal injury actions is applied to actions brought under 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 864 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). Absent tolling, the claims are clearly time-barred. And Jones makes no argument that he is entitled to tolling. Nor can the Court, on its own independent review, identify any basis for tolling. Accordingly, any claims based on the 2013 arrest are time-barred.

---

[2] There is no evidence in the record or allegation in the complaint providing further details of why the charges were dropped.

Second, the Defendants argue that any claims for false arrest or false imprisonment under 42 U.S.C. § 1983 are also time-barred. "False arrest claims brought pursuant to § 1983, where arrest is followed by criminal proceedings, accrue when the claimant is detained pursuant to a legal process." *Jones v. Union City*, 450 F. App'x 807, 809 (11th Cir. 2011) (citing *Wallace v. Kato,* 549 U.S. 384, 391 (2007)); *see Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) (holding the same for false imprisonment claims).[3] Emory was charged with drug offenses relating to the May 7, 2013 incident in August 2016, and that indictment was nolle prossed. He was reaccused on February 28, 2017, on drug charges relating to the May 7, 2013 incident. Docs. 12-15 ¶¶ 7-8. The Defendants argue that any claims for false arrest accrued, at the latest, in February 2017, but the complaint was not filed until June 2019. The Court agrees and finds that any claims for false arrest or false imprisonment are time-barred.

Third, the Defendants argue there is simply no evidence supporting the claims against Jones. Doc. 12-14 at 7, 7 n.2. The Court agrees. The evidence clearly shows that Jones did nothing more than recover the bag of drugs, advise task force officers that Emory should be transported to Houston County for an active arrest warrant there, and obtain a warrant for Emory's arrest in Bibb County. Doc. 12-11 ¶ 8. There is no evidence that Jones used excessive force or otherwise acted unlawfully.

Fourth, the Defendants argue that there is no evidence in the record that Macon-Bibb County or Sheriff Davis are liable for any of the events discussed by the complaint. The § 1983 claims against Macon-Bibb, a municipality, are unsupported by any allegation that Jones's or anyone else's alleged unlawful actions were undertaken

[3] Although unpublished opinions are not binding, the Court finds the reasoning of the panels in *Jones* and *Burgest* persuasive.

pursuant to a law, custom, or policy of Macon-Bibb. Instead, Emory appears to rely on *respondeat superior* liability. But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). Similarly, Sheriff Davis is not liable for the actions of Defendant Jones unless Emory can show either (i) that Davis personally participated in Jones's alleged conduct or (ii) a causal connection between Jones's alleged conduct and Sheriff Davis. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation) (quotation marks and citations omitted). There is no evidence that Davis personally participated in any unlawful action toward Emory. And even if there were evidence supporting the claims against Jones—which, again, there is not—there is no evidence of a causal connection between Jones's actions and Davis.[4]

For those reasons, the Defendants are clearly entitled to summary judgment on all claims brought pursuant to 42 U.S.C. § 1983.

Arguably, Emory attempted to raise state-law claims based on the same events. The complaint states that "This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States as applied to the State of Georgia and its entities, officials, employees, as well as the

[4] A causal connection is established where there is evidence that "1) a history of widespread abuse put[] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so; 2) a supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (quotation marks and citation omitted).

statutes and common law of the State of Georgia." Doc. 1 ¶ 1. Emory does not specify which parts of the Georgia Code or common law his claims are based on. Inexplicably, the complaint also cites the diversity jurisdiction statute, 28 U.S.C. § 1332, as a basis for jurisdiction, though it does not allege diversity of citizenship or amount in controversy. *Id*. ¶ 3. And it does not invoke the Court's supplemental jurisdiction, which would be the jurisdictional basis for any state-law claims asserted here. *Id*. To confuse matters further, Counts One and Two of the complaint raise federal constitutional claims, Count Three is "Violation of Statutory Civil Rights" (which statutes, Emory doesn't say), Count Four is "Attorneys' Fees" under 42 U.S.C. § 1988, and none of the counts reference state tort law or other state law. To confuse matters still further, the Defendants' counsel assert that a different lawyer served ante litem notice upon the Sheriff's Office Defendants and on Defendant Macon-Bibb County before the complaint was filed. Doc. 9 at 2. Like much else, that notice is not in the record.[5] The Court finds the complaint clearly did not raise any state law claims. Further, even if had raised state law claims, the Court cannot identify any evidence on the basis of which a reasonable jury could find any of the Defendants are liable to Emory for any conduct alleged in the complaint.

## V. CONCLUSION

For the reasons noted above, the Defendants' motion for summary judgment (Doc. 12) is **GRANTED**, and the complaint (Doc. 1) is **DISMISSED** with prejudice.

**SO ORDERED**, this 8th day of June, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[5] *See* O.C.G.A. § 50-21-26.